
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-30120 |
| Plaintiff-Appellee, | D.C. No. 2:95-cr-00854-RAJ-1 |
| v. | |
| ERIC PAUL NELSON, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-30123 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00162-RAJ-1 |
| v. | |
| ERIC PAUL NELSON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 6, 2017[]
Seattle, Washington

Before:  FERNANDEZ, CALLAHAN, and IKUTA, Circuit Judges.

Eric Nelson, who was subject to both federal and state supervision, challenges his detention by a state agent on the suspicion that he was in violation of his conditions of supervision by staying at a motel rather than at his approved residence.  Nelson argues that his detention was illegal, and that the district court therefore erred in denying his motion to suppress the drugs subsequently found in his motel room.  Nelson also objects to the district court's refusal to allow him to withdraw his admissions to violations of his supervised release.  We affirm.

**1.** The denial of a motion to suppress evidence is reviewed de novo and the district court's underlying findings of fact are reviewed for clear error.  *United States v. Giberson*, 527 F.3d 882, 886 (9th Cir. 2008).  Based on his prior experience with Nelson, Community Corrections Specialist Jeff Sargent reasonably suspected that Nelson was violating a condition of his supervised release when he observed him at the Seal's Motel on November 4, 2014.  Nelson's familiarity with the motel manager gave rise to the inference that Nelson was staying at the motel rather than at his approved residence.  Accordingly, Sargent detained Nelson, and,

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

when the motel manager confirmed the inference, Sargent arrested Nelson. The detention was authorized by Washington state law and did not infringe on Nelson's reduced expectation of privacy under the Fourth Amendment pursuant to the conditions of his supervised release. *See United States v. Knights*, 534 U.S. 112, 121 (2001); *United States v. King*, 736 F.3d 805, 810 (9th Cir. 2013).

**2.** Nelson argues that the district court should have granted his motion to vacate his admission to supervised release violations because they were part of the plea agreement that was vacated and cannot be severed from it. Indeed, the plea agreement did cover both the felony count and the violations of supervised release. But those violations were not relevant to Nelson's motion to withdraw his guilty plea, which was based entirely on Nelson's assertions that he was misled as to the length of the sentence contemplated for his plea to the felony information charging possession of drugs with intent to distribute. However, any error in denying Nelson's motion to vacate his admissions to supervised release violations was harmless because Nelson pleaded guilty to possession of a controlled substance, which triggered mandatory revocation of supervised release under 18 U.S.C. 3583(g).

**AFFIRMED**.